[Cite as *PHI Health, L.L.C. v. Custom Design Benefits, L.L.C.*, 2026-Ohio-2594.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PHI HEALTH, LLC, | : | APPEAL NO.   C-250606 |
| | | TRIAL NO.   A-2502726 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| CUSTOM DESIGN BENEFITS, LLC, | : | *JUDGMENT ENTRY* |
| and | : | |
| BOB SUMERAL TIRE COMPANY, LLC, | : | |
| Defendants-Appellees. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 7/8/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *PHI Health, L.L.C. v. Custom Design Benefits, L.L.C.*, 2026-Ohio-2594.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

PHI HEALTH, LLC,                          :          APPEAL NO.   C-250606
                                                     TRIAL NO.    A-2502726
    Plaintiff-Appellant,              :

vs.                                       :

CUSTOM DESIGN BENEFITS, LLC,              :          *O P I N I O N*

    and                               :

BOB SUMERAL TIRE COMPANY, LLC,   :

    Defendants-Appellees.             :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 8, 2026


*Kegler, Brown, Hill + Ritter,* and *Matthew M. Zofchak,* for Plaintiff-Appellant,

*Young & Alexander Co., LPA, Jonathon L. Beck, AxePoint Law,* and *Ryan L. Woody,*
for Defendants-Appellees,

**Bock, Judge.**

**{¶1}** This appeal involves plaintiff-appellant Phi Health, LLC's, ("Phi Health") lawsuit to enforce two independent dispute resolution ("IDR") awards against defendants-appellees Custom Design Benefits, LLC, ("Custom Design") and Bob Sumeral Tires, LLC, ("Bob Sumeral") in Phi Health's favor.

**{¶2}** Phi Health argues that the trial court erred when it dismissed its complaint after the trial court found that Phi Health lacked a private right of action to enforce the IDR awards under the federal No Surprises Act, Federal Arbitration Act, and the Ohio Arbitration Act.

**{¶3}** We hold that the No Surprises Act does not authorize private lawsuits to enforce IDR awards. We also hold that an IDR award issued under the No Surprises Act is not enforceable under federal and Ohio arbitration statutes.

**{¶4}** We overrule Phi Health's assignments of error and affirm the trial court's judgment.

## I. *Factual and Procedural History*

**{¶5}** Because this appeal involves a dismissal under Civ.R. 12(B)(6), we draw the following facts from the complaint and accept them, with all reasonable inferences, as true and construe them in Phi Health's favor.

**{¶6}** Phi Health is an air ambulance company. In 2013, Phi Health transported a patient who had health insurance coverage through his employer, Bob Sumeral. Custom Design administered the policy. Phi Health, an out-of-network provider, billed Custom Design $49,572 for a helicopter transport to a hospital and $66,875 for the distance transported on a per-mile basis under Medicare codes A031

and A036.[1] Custom Design sent Phi Health an explanation of benefits, $5,107.35 for the one-way helicopter transport, and $4,774 for the miles travelled.

{¶7}    In 2024, Phi Health initiated the IDR process and prevailed after Custom Design failed to submit offers. The IDR entity determined that "the out-of-network payment amount of $38,556.16" was appropriate for the transportation and "the out-of-network payment amount of $53,465" was appropriate for the distance.

{¶8}    Custom Design did not pay the IDR awards. So, Phi Health filed an "Application to Confirm Arbitration Award" in the trial court. Custom Design and Bob Sumeral filed a joint motion to dismiss, arguing that Phi Health lacked a right of action to enforce the IDR awards. The trial court, relying on *Guardian Flight, L.L.C. v. Health Care Ser. Corp.*, 140 F.4th 271 (5th Cir. 2025), *cert. denied*, ___U.S.___, 196 S.Ct. 1493 (2026), dismissed Phi Health's complaint for lack of a private right of action.

## II. Analysis

{¶9}    On appeal, Phi Health raises three assignments of error. First, it contends that the No Surprises Act provides a private right of action to enforce IDR awards. Second, it argues that the trial court failed to consider whether Phi Health could enforce the IDR awards under the Federal Arbitration Act ("FAA"), Ohio's Arbitration Act ("OAA"), or the common law. Third, it maintains that dismissal was improper because it "plausibly alleged binding adjudicatory determinations, non-payment, and resulting harm, and asserted multiple alternative theories of relief."

{¶10}   We review the trial court's decision to grant a motion to dismiss de novo. *Plush v. City of Cincinnati*, 2020-Ohio-6713, ¶ 12 (1st Dist.). We accept the facts

---

[1] *See* Ctrs. for Medicare & Medicaid Servs., *Medicare Claims Processing Manual,* No. 100-04 Ch. 15 20.3, https://www.cms.gov/regulations-and-guidance/guidance/manuals/internet-only-manuals-ioms-items/cms018912 (accessed Mar. 27, 2026) [https://perma.cc/FWF8-7ST8].

4

alleged in the complaint as true and will affirm the trial court's dismissal if the plaintiff failed to allege any facts that would entitle it to recovery. *Id.*

## A. *Private rights of action*

**{¶11}** A "private right[] of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Indeed, not every violation of federal law "'give[s] rise to a private cause of action.'" *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979), quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). A private right of action may be express or implied. *See Anderson v. Smith*, 2011-Ohio-5619, ¶ 10 (10th Dist.). But absent an express private right of action, "courts presume that Congress did not intend to create one." *Axis Neuromonitoring, LLC v. Aetna Inc.*, 2026 U.S. Dist. LEXIS 61210, *13 (D.Conn. Mar. 20, 2026).

**{¶12}** Determining "whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mtge. Advisors (tama) v. Lewis*, 444 U.S. 11, 15 (1979). Our "task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander* at 286.

**{¶13}** Issues of statutory interpretation present "a question of law that we review de novo." *Greenacres Found. v. Bd. of Bldg. Appeals*, 2012-Ohio-4784, ¶ 10 (1st Dist.). When reading a statute, we must "give full effect to the legislature's intent." *Walker v. Firelands Community Hosp.*, 2007-Ohio-871, ¶ 36 (6th Dist.). We "may not delete words used or insert words not used." *Cincinnati Community Kollel v. Testa*, 2013-Ohio-396, ¶ 25. Words and phrases in a statute must be read in the context of the statute as a whole and "'according to the rules of grammar and common usage.'" *Walker* at ¶ 19. If a legislature includes words that have acquired a particular meaning in a statute, the statutory text "'shall be construed accordingly.'" *Id.*, quoting R.C. 1.42.

**B. *The No Surprises Act lacks an implied private right of action***

{¶14} Phi Health argues that the trial court erred when it dismissed Count 3, which sought an order confirming the IDR awards under the No Surprises Act. Phi Health asserts that "an implied right of action" exists under the No Surprises Act. We disagree and overrule Phi Health's first assignment of error.

*1. The No Surprises Act, out-of-network billing disputes, and the IDR process*

{¶15} In 2022, Congress passed the No Surprises Act to protect patients from potentially ruinous medical bills "from out-of-network healthcare providers." *Guardian Flight*, 140 F.4th at 273. To carry out that goal, "the No Surprises Act generally limits the amount an insured patient will pay for emergency services," like air ambulatory services, which are "furnished by an out-of-network provider." *Reach Air Med. Servs., LLC v. Kaiser Found. Health Plan, Inc.*, 160 F.4th 1110, 1115 (11th Cir. 2025). The No Surprises Act bars out-of-network providers from billing patients directly and instructs providers like Phi Health to settle billing disputes with the patient's insurer. *Id.*, citing 42 U.S.C. 300gg-112(a)(3)(A), (b)(1)(A)-(B);[2] *see Guardian Flight* at 273.

{¶16} If negotiations between an air-ambulance-service provider and an insurer fail, either party may initiate IDR proceedings. *See* 29 U.S.C. 1185f(b)(1)(B). During the IDR process, the parties must submit "an offer for a payment" to a selected certified IDR entity. *See* 29 U.S.C. 1185f(b)(5)(B). The IDR entity then considers

---

[2] The No Surprises Act amended three parts of the federal code: (1) 42 U.S.C. Ch. 6A, the Public Health Service Act ("PHSA"), enforced by the Department of Health and Human Services; (2) 29 U.S.C. 1001 et seq., the Employee Retirement Income Security Act ("ERISA"), enforced by the Department of Labor; and (3) 26 U.S.C. 9816(c) et seq, the Internal Revenue Code, enforced by the Department of the Treasury. *See Texas Med. Assn. v. United States HHS*, 110 F.4th 762, 768, fn. 6 (5th Cir. 2024). Phi Health points out that the ERISA provisions govern this dispute, but caselaw interpreting the PHSA, 42 U.S.C. 300gg-111 et seq., are relevant to our analysis because those provisions are parallel to the relevant provisions in ERISA. *Id.*

certain statutory factors listed in 29 U.S.C. 1185f(b)(5)(C), selects an offer "to be the payment amount," and issues a decision. 29 U.S.C. 1185f(b)(5)(A).

**{¶17}** An IDR award is "binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim." 29 U.S.C. 1185e(c)(5)(E)(i)(II); *see* 29 U.S.C. 1185f(b)(5)(D). Yet, an IDR award "shall not be subject to judicial review, except in a case described in [9 U.S.C. 10(a)(1)-(4)]." 29 U.S.C. 1185e(c)(5)(E)(i)(II). The parties do not dispute that 9 U.S.C. 10(a) does not apply here.

2. *The No Surprises Act does not contain an implied private cause of action*

**{¶18}** The issue we must decide is whether the No Surprises Act created a private remedy to enforce IDR awards. To answer that question, "[s]tatutory intent . . . is determinative." *Alexander,* 532 U.S. at 287. The existence of an implied remedy turns on "legislative intent, explicit or implicit, either to create such a remedy or to deny one." *Cort v. Ash,* 422 U.S. 66, 78 (1975).

**{¶19}** Phi Health argues that the text and structure of the No Surprises Act create mandatory and enforceable payment obligations following an IDR entity's decision. And it maintains that the No Surprises Act's restrictions on judicial review should not be construed to restrict judicial enforcement, citing FAA standards. In support, Phi Health relies on *Guardian Flight v. Aetna Life Ins. Co.,* 789 F.Supp.3d 214 (D.Conn. 2025), and *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield,* 2023 U.S. Dist. LEXIS 159460 (D.N.J. Sept. 8, 2023).

**{¶20}** In response, Custom Design and Bob Sumeral point out that a "substantial majority of courts . . . have found that the No Surprises Act does not contain an implied private right of action." *T.V. Seshan, M.D., P.C. v. Aetna, Inc.,* 2026 U.S. Dist. LEXIS 71883, *2 (S.D.N.Y. Mar. 30, 2026); *see Guardian Flight,* 140 F.4th

at 274; *see also Advanced Vascular Assocs. v. Horizon Blue Cross Blue Shield of New Jersey*, 2026 U.S. Dist. LEXIS 75135, *1 (E.D.Pa. Apr. 7, 2026); *Axis Neuromonitoring,* 2026 U.S. Dist. LEXIS 61210, at *15-16; *Complete Med. Wellness, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, 2025 U.S. Dist. LEXIS 233638, *13 (D.N.J. Dec. 1, 2025); *Worldwide Aircraft Servs. Inc. v. Freedom Life Ins. Co. of Am.,* 2025 U.S. Dist. LEXIS 256246, *1 (M.D.Fla. Dec. 11, 2025); *N.E. Neurosurgical Assocs. v. Horizon Blue Cross Blue Shield of N.J.,* 2025 U.S. Dist. LEXIS 231385, *2-7 (D.N.J. Nov. 25, 2025); *E. Coast Advanced Plastic Surgery, LLC v. CIGNA Health & Life Ins. Co.,* 2025 U.S. Dist. LEXIS 157911, *17 (S.D.N.Y. Aug. 14, 2025); *Worldwide Aircraft Servs. Inc., d.b.a Jet I.C.U. v. Worldwide Ins. Servs., LLC, d.b.a. GeoBlue,* 2025 U.S. Dist. LEXIS 155594, *6-7 (M.D.Fla. Aug. 12, 2025); *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of N.J.,* 790 F.Supp.3d 129, 136-139 (E.D.N.Y. July 2, 2025); *Drs. Ellis, Rohas, Ross & Debs, Inc. v. UMR, Inc.,* 2025 U.S. Dist. LEXIS 42045, *3 (S.D.Fla. Mar. 9, 2025); *Med-Trans Corp. v. Capital Health Plan, Inc.,* 700 F.Supp.3d 1076, 1082-1084 (M.D.Fla. 2023); *SpecialtyCare, Inc. v. MedCost, LLC*, 2026 Del. Ch. LEXIS 110, *26-27 ( Del.Ch. Feb. 16, 2026); *Tamagnini v. Horizon Blue Cross Blue Shield of New Jersey,* 2025 U.S. Dist. LEXIS 234534, *11 (D.N.J. Dec. 2, 2025); *Los Robles Emergency Physicians Med. Group v. Stanford-Franz,* 2024 U.S. Dist. LEXIS 23971, *4 (C.D.Cal. Feb. 8, 2024); *Phi Health, LLC v. Keating Auto Group Emp. Benefit Plan Trust,* 2025 U.S. Dist. LEXIS 258769, *2 (S.D.Tex. Nov. 4, 2025); *Mitchell F. Reiter MD PC v. Horizon Blue Cross Blue Shield of New Jersey*, 2025 U.S. Dist. LEXIS 253333, *10 (D.N.J. Dec. 8, 2025); *FHMC, LLC v. Blue Cross and Blue Shield of Arizona Inc.,* 2024 U.S. Dist. LEXIS 62018, *3 (D.Ariz. Apr. 3, 2024); *Freeman Pain Inst. P.A. v. Horizon Blue Cross Blue Shield of New Jersey,* 2025 U.S. Dist. LEXIS 230402, *16 (D.N.J. Nov. 24, 2025); *SpecialtyCare, Inc. v. Health Care*

*Serv. Corp.*, 2026 U.S. Dist. LEXIS 121475 (N.D.Ill. June 2, 2026); *Modern Orthopaedics of N.J. v. Premera Blue Cross,* 2025 U.S. Dist. LEXIS 215824, *8-9 (D.N.J. Nov. 3, 2025); *Phi Health, LLC v. Health Care Serv. Corp.*, 2026 U.S. Dist. LEXIS 138829, *1 (N.D.Ill. June 23, 2026); *Neuroshield Network SE, LLC v. Phoenix Admrs., LLC,* 2026 U.S. Dist. LEXIS 67059, *11 (N.D.Ohio Mar. 30, 2026); *Jeffrey Farkas, M.D., LLC v. 1199SEIU Natl. Benefit Fund,* 2026 U.S. Dist. LEXIS 71613, *25-26 (E.D.N.Y. Apr. 1, 2026).

**{¶21}** We agree with the growing consensus and hold that Phi Health lacks a private right of action to enforce the IDR awards under the No Surprises Act.

a. <u>The text and structure undermine an implied private right of action</u>

**{¶22}** The text and structure of the No Surprises Act contradict an implied right of action to enforce IDR awards. True, IDR awards are "binding" under 29 U.S.C. 1185e(c)(5)(E)(i)(I). But "'a word is known by the company it keeps.'" *Gutierrez v. Ada*, 528 U.S. 250, 255 (2000), quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995). And 29 U.S.C. 1185e(c)(5)(E)(i)(II) bars judicial review except in cases of corruption, fraud, misconduct, or an abuse of power as codified in Section 10 of the FAA. *See* 9 U.S.C. 10(a)(1)-(4). Judicial review "includes actions that seek to confirm or enforce a dispute resolution award," and more generally, "private causes of action." *See Guardian Flight* at 276. While Phi Health attempts to distinguish "judicial review" from "judicial enforcement," courts have routinely rejected this distinction. *Id.* at 275 ("The term 'judicial review' is broad enough to include a court's order to enforce an IDR award."); *see FHMC LLC* at *3.

**{¶23}** Phi Health argues that some courts have enforced IDR awards issued under the No Surprises Act and invites us to employ the FAA's arbitration-law framework to IDR awards, citing *GPS of New Jersey M.D.* In that case, the district

9

court denied a motion to vacate the IDR award and granted a cross-motion to confirm the IDR award under 9 U.S.C. 9. *See GPS of New Jersey M.D.*, 2023 U.S. Dist. LEXIS 159460, at *24. In doing so, the district court assumed that it had the authority to do so under Section 9 of the FAA. *See id.* But several courts have deemed those decisions to be of little persuasive value as "the parties in these cases assumed [9 U.S.C. 9] could operate to enforce IDR awards, thereby waiving any question as to its inapplicability." *Axis Neuromonitoring,* 2026 U.S. Dist. LEXIS 61210, at *19; *see, e.g., Neuroshield Network,* 2026 U.S. Dist. LEXIS 67059, at *11.

**{¶24}** And unlike the No Surprises Act, "Section 9 of the FAA empowers courts to confirm arbitration awards and is the primary enforcement mechanism for arbitration awards." *Modern Orthopaedics,* 2025 U.S. Dist. LEXIS 215824, at *13-14. While Congress chose to incorporate Section 10(a) of the FAA into the No Surprises Act, it chose not to incorporate 9 U.S.C. 9 into the No Surprises Act. *See id.* at *14; *see also* 29 U.S.C. 1185e(c)(5)(E)(i)(II). We must "presume this omission is intentional." *Russello v. United States*, 464 U.S. 16, 23 (1983); *see Guardian Flight*, 140 F.4th at 276 ("Congress knew how to create a private right of action in the No Surprises Act— and has done so elsewhere—but declined to do so."); *see also Modern Orthopaedics* at *14.

b. The No Surprises Act provides an enforcement option

**{¶25}** Second, the No Surprises Act "provides for alternative enforcement mechanisms, suggesting Congress chose agency enforcement, not litigation, as the tool for enforcing IDR awards." *Axis Neuromonitoring* at *15. That is so because an "express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander,* 532 U.S. at 290; *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 289 (2002) ("administrative procedures . . . counsel against our

finding a congressional intent to create individually enforceable private rights."); *see also Freeman,* 2025 U.S. Dist. LEXIS 230402, at *17 ("Congress created a robust system of administrative enforcement of IDR awards instead of judicial enforcement."). So, the express inclusion of an administrative enforcement mechanism in the No Surprises Act bolsters our conclusion that the No Surprises Act provides no private cause of action.

{¶26} Phi Health presents policy arguments in support of an implied right of action to enforce an IDR award issued under the No Surprises Act. It is true that courts view with skepticism any construction of a statute that would "create such a large and obvious loophole." *Cty. of Maui v. Hawaii Wildlife Fund*, 590 U.S. 165, 178 (2020). But without evidence of congressional intent to create an implied private right of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander,* 532 U.S. at 286-287. While federal law may confer a benefit or protect a private party's interest, "often enough, Congress may 'not wish to pursue [a] provision's purpose to the extent of authorizing private suits.'" *Medina v. Planned Parenthood S. Atlantic*, 606 U.S. 357, 368-369 (2025), quoting *Hernandez v. Mesa*, 589 U.S. 93, 100 (2020).

{¶27} In sum, Phi Health lacks a private right of action under the No Surprises Act to enforce the IDR awards. Therefore, we hold that the trial court correctly dismissed Count 3 of the complaint. We overrule Phi Health's first assignment of error.

## C. *Neither the FAA nor the OAA provide a private right of action to enforce an IDR award*

{¶28} Phi Health maintains that the trial court erred by dismissing its claims under Counts 1 and 2 of the complaint, under the FAA and the OAA respectively.

{¶29} As an initial matter, Phi Health argues that the trial court failed to analyze whether an independent cause of action exists under the FAA, OAA, or Ohio common law. But under Civ.R. 52, "[f]indings of fact and conclusions of law required by [Civ.R. 52, 41(B)(2), and 23(G)(3)] are unnecessary upon all other motions including those pursuant to Civ.R. 12." And neither party asked the trial court for findings and conclusions of law under Civ.R. 52.

{¶30} In any event, we hold that the trial court correctly dismissed Counts 1 and 2. In Count 1, Phi Health sought an order under the FAA, 9 U.S.C. 9, confirming the IDR awards issued under the No Suprises Act. Relevant here, Section 9 of the FAA provides,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. 9.

{¶31} But "Congress did not incorporate Section 9 of the FAA into the [No Surprises Act] and [a] [c]ourt therefore cannot confirm the IDR Award pursuant to the [No Surprises Act]." *1199SEIU,* 2026 U.S. Dist. LEXIS 71613, at *25-26. And unlike the No Surprises Act's statutory mandate to resolve disputes through the IDR process, judicial confirmation under 9 U.S.C. 9 is predicated on an agreement between the parties. In other words, "'arbitration draws its authority from contract, rather than statute.'" *Modern Orthopaedics.,* 2025 U.S. Dist. LEXIS 215824, at *13, quoting *Med-*

*Trans Corp. v. Capital Health Plan, Inc.*, 700 F. Supp.3d 1076, 1083 (M.D.Fla. 2023). Phi Health's complaint does not allege that Custom Design or Bob Sumeral agreed to judicial confirmation of the IDR awards. The trial court properly dismissed Count 1.

**{¶32}** Turning to Count 2, Phi Health asked the trial court to confirm the IDR award under the OAA. *See* R.C. Ch. 2711. Specifically, R.C. 2711.09 permits "any party to the arbitration [to] apply to the court of common pleas for an order confirming" an arbitration award within one year. But the OAA "mirrors the FAA in many respects." *Henderson v. Lawyers Title Ins. Corp.*, 2006-Ohio-906, ¶ 48. Like the FAA, arbitration awards under the OAA are "a matter of contract and, despite the strong policy in . . . favor [of arbitration], a party cannot be compelled to arbitrate any dispute that he has not agreed to submit." *Bunta v. Superior VacuPress, LLC*, 2018-Ohio-2823, ¶ 18 (5th Dist.). Because IDR awards are based in statute, not contract, the trial court appropriately dismissed Phi Health's OAA claim in Count 2.

**{¶33}** Finally, while Phi Health's appellate brief references a claim under the Ohio common law, its complaint sought enforcement under federal and state statutes, not the common law.

**{¶34}** We overrule the second assignment of error.

## D. *The trial court correctly dismissed Phi Health's complaint*

**{¶35}** In its final assignment of error, Phi Health insists that the allegations in its complaint were sufficient to survive the motion to dismiss. Specifically, Phi Health argues that it sufficiently alleged that "it provided emergency services, invoked the federally mandated dispute-resolution process, obtained binding IDR determinations fixing the amounts owed, and was not paid."

**{¶36}** Phi Health is correct that "[a] court should not dismiss a complaint for failure to state an actionable claim unless it appears 'beyond doubt from the complaint

that the plaintiff can prove no set of facts entitling [the plaintiff] to recovery.'" *Brendamour v. City of the Village of Indian Hill*, 2022-Ohio-4724, ¶ 17 (1st Dist.), quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. But Phi Health has no cause of action under the No Surprises Act, FAA, or OAA. And "without a cause of action, a plaintiff has no claim upon which relief may be granted." *Brunson v. Stein*, 116 F.4th 301, 309 (4th Cir. 2024). So, we overrule Phi Health's third assignment of error.

### III. Conclusion

{¶37} We overrule the three assignments of error and affirm the trial court's judgment.

Judgment affirmed.

CROUSE, P.J., and NESTOR, J., concur.